UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01050-WYD

LORI E. BUTTERFIELD,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Unopposed Motion for Attorney Fee Under 42 U.S.C. § 406(b). Attorney fees were previously awarded in the amount of $4,000.00 under the Equal Access to Justice Act ("EAJA"). Plaintiff's counsel now seeks an award of fees under 42 U.S.C. § 406(b) in the amount of $14,189. The motion is unopposed, and documentation is attached in support of the motion.

42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . " Having reviewed the motion and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's counsel's motion.

I first note that Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002). Instead, "§ 406(b) instructs courts to review for reasonableness of fees yielded by those agreements." *Id.*

In this case, after I reversed the decision of the Commissioner and remanded the case, Plaintiff received a fully favorable decision wherein she was awarded past-due Title II benefits in the amount of $77,956 and ongoing benefits. The Social Security Administration has withheld 25% of those benefits to pay attorney fees. Once the § 406(b) fee is approved, Plaintiff's counsel will refund the $4,000 EAJA fee to the Plaintiff. The EAJA offset reduces the net fee paid by the Plaintiff to $10,189, which amounts to 13.1% of her past-due benefits. Therefore, I find that the net fee paid by the Plaintiff will be significantly less than the 25% permitted by § 406(b) and agreed to by the Plaintiff.

I find that the requested fee is reasonable because it reflects the contingent nature of the recovery and is actually significantly less than Plaintiff contracted to pay. I also find that the fee is reasonable because Plaintiff's case had already been denied at two levels of agency review prior to the initiation of the civil action and thus involved some risk, the impairment involved fibromyalgia, a particularly difficult impairment upon which to prove benefits, Plaintiff's counsel devote considerable time on the case and achieved a very successful result for Plaintiff, and Plaintiff will not pay a fee on any of

her ongoing benefits.  Finally, Defendant does not dispute the reasonableness of the fees.  Accordingly, it is

ORDERED that the Unopposed Motion for Attorney Fee under 42 U.S.C. § 406(b) filed December 10, 2008 is **GRANTED**.  In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded an additional attorney fee sum in the amount of **$14,189.00**.

Dated:  December 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge